FILED: June 28, 2021

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 20-4568
(1:19-cr-00322-CCB-1)
_____

UNITED STATES OF AMERICA

       Plaintiff - Appellee

v.

BILAL MOHAMMAD SIDDIQUI

       Defendant - Appellant

_____

J U D G M E N T

_____

In accordance with the decision of this court, the judgment of the district court is affirmed in part. The appeal is dismissed in part.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

                                        /s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4568

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

BILAL MOHAMMAD SIDDIQUI,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge. (1:19-cr-00322-CCB-1)

Submitted: June 24, 2021                                 Decided: June 28, 2021

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, P.C., Baltimore, Maryland, for Appellant. Jeffrey J. Izant, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bilal Mohammad Siddiqui pleaded guilty, pursuant to a written plea agreement, to two counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), (e), and one count of cyberstalking, in violation of 18 U.S.C. § 2261(A)(2)(b), (b)(5). The district court imposed a 288-month sentence and Siddiqui appealed. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning the scope of Siddiqui's waiver of appellate rights and whether his sentence is procedurally reasonable. Although advised of his right to file a pro se brief, Siddiqui has not done so. The Government has moved to dismiss the appeal based on the waiver of appellate rights in Siddiqui's plea agreement. We affirm in part and dismiss in part.

Where, as here, the Government seeks to enforce an appeal waiver and Siddiqui has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Siddiqui does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our review of the plea hearing leads us to conclude that the waiver is valid and enforceable. Although counsel questions the scope of Siddiqui's waiver of appellate rights, counsel concedes that a factual basis supported his plea and there is no reason to believe that the statutes to which Siddiqui pled guilty were unconstitutional. Moreover, Siddiqui's challenge to the procedural reasonableness of his sentence falls within the scope of the waiver.

2

In accordance with *Anders*, we have thoroughly reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of the waiver. Accordingly, we grant the Government's motion to dismiss Siddiqui's appeal of his sentence and affirm the remainder of the district court's judgment. This court requires that counsel inform Siddiqui, in writing, of the right to petition the Supreme Court of the United States for further review. If Siddiqui requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Siddiqui.

We dispense with oral argument because that facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

FILED: June 28, 2021

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4568,    US v. Bilal Siddiqui
1:19-cr-00322-CCB-1

_____

NOTICE OF JUDGMENT

_____

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** The time to file a petition for writ of certiorari runs from the date of entry of the judgment sought to be reviewed, and not from the date of issuance of the mandate. If a petition for rehearing is timely filed in the court of appeals, the time to file the petition for writ of certiorari for all parties runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment. See Rule 13 of the Rules of the Supreme Court of the United States; www.supremecourt.gov.

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available on the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 3900 words if prepared by computer and may not exceed 15 pages if handwritten or prepared on a typewriter. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE**: In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).